Colcock, J.
It is unnecessary to follow the counsel through all their arguments on the subject of the pleadings in this case. For if the second plea of the appellant coul.d by possibility be considered as a demurrer, it would reach the defects complained of; and if it is a plea, and a bad one, of which I can entertain no doubt, then the demurrer of the respondents opens his proceedings to all the objections of the appellant; for it is an established rule that upon the argument of the demurrer, the court will, notwithstanding the defects of the pleading demurred to, give judgment against the party whose plea was first defective in substance. (1 Chitty 647.) We are then to enquire whether there are any substantial defects in the avowry or not? and in this inquiry I shall pursue the order of the appellants counsel. The first objection is “that in the avowry the respondents are styled joint tenants and yet it sets forth a tenancy in common. The avowry is joint, as though the defendants had been joint tenants; whereas it should have been several, because being tenants in common they could not unite.” — The estate is set forth in the avowry as a joint tenancy and perhaps it may be considered as such. It certainly possesses all the unities which constitute a joint tenancy; an unity of interest *155 eh -title, of time and possession; and the only objection which is presented to its being so considered is, that it is said a joint tenancy cannot be created by operation of law. Blackstone in treating óf the different tenancies, (2 Vol. 180,j says: “ The creation of an estate in joint tenancy depends on the wording of the deed or devise by which the tenants claim title; for this estate can arise only by purchase or grant, that is, by the act of the parties, and never by the mere act of law ” He then goes on to treat of estates in coparcenary, and says, that they possess three of the unities which are necessary to constitute a joint tenancy, to wit, the unities of interest, title and possession, and shows that time is not indispensably necessary, though it often must exist in the title: “ For if a man hath two daughters to whom his estate descends in coparcenary, the one dies before the other; the surviving daughter and the heir of the other, or, when both are dead, their two heirs, are still parceners.” The difference then between these two estates is that the “ jus accrescendi does not obtain in the latter, and that the former cannot be created by the mere operation of law. Now when we advert to the fact that lands in England do not descend to all the children of the deceased, we at once perceive the reason why the estate of joint tenancy cannot be created by the mere operation of law; and when we recollect that the 11 jus accrescendi,” is taken away in this state, perhaps .ue may consider this as a joint tenancy. There are undoubtedly objections to this, and I do not mean to decide upon the nature of the estate, because it is not necessary to the determination of the case. Suppose it a tenancy in common, yet the rule contended for cannot apply to this case. It is true that Chitty says: “ Joint tenants and coparceners must join in avowry, but tenants in common must sever.” But he says immediately afterwards that, “ if an action of replevin be against two tenants in common they should join, the one avowing, the other, as his bailiff making cognisance,” Sic. (1 CUtty 5.44.) And-by a reference to -the cases, it will be *156 seen, that the good sense of the rule is, that when they join viy are joined in a suit, they may plead jointly,- but if each proceeds for his own interest, each must avow for himself. In the case of Harrison vs. Barnby, 5 Term. Rep. 246, the rent had been paid to one tenant in common contrary' to the express notice of the other. Lord Kenyon, does say' in the case, “ that tenants in common ought to avow for their separate portions is clear from the section in Littleton,” though he adds, théy may join in actions on joint contracts, as in covenant where the covenant is entered into with both.
The second objection is, that the avowry should have set forth a notice of three months to quit on the first of June, and not having set it forth, the tenants continued in for another year. This objection is removed in two ways: first, that the tenant himself had given notice that he would quit at the end of the term; and secondly', that if he was in for a second year, it did not prevent a distress for the preceding year.
The third objection is, that the notice to deliver possession does not follow the law, which requires the demand to be by the person having the remainder or reversion of the estate, after the expiration of the lease, or the agent of such. Whereas the avowry alleged a demand by Octavius Cfipps' for himself and his joint tenants, to deliver possession to the said Octavius only. — I can perceive nothing in this objection. The law itself does not say to whom possession shall be delivered, it leaves that to the plain inference of common sense. It says, “ the demand shall be made in writing, for delivering possession thereof, by the person having the reversion or remainder therein, or his agent.” The demand then was in compliance with the law, and the possession of course was to have been delivered to him who made the demand.
The fourth objection that the avowry does not set forth a demand ofthe quarter’s double annual rent, precedent to the distress, which was indispensable, to entitle the defendant to distrain,, not for rent, but for a penalty. — The avowry states that in consequence of the demand and the holding over, the *157 double rent was due and owing; and it will be presumed, if necessary, after verdict, that it was demanded before the distress. But it seems it is not necessary. Cobb vs. Stokes, (8 East 358,) shews that the demand may de made after, in the case of the tenant giving the notice himself that he will quit at the expiration of the term. This is a decision on the statute from which ours was taken. The demand,' in my opinion, is not necessary at any time, for he may be considered as voluntarily holding on the terms prescribed by thu law.
Having disposed of the objections to the proceedings of the respondents, 1 proceed to examine the grounds in arrest of judgment and for a new trial.
The first ground is, that the act of 1808' is unconstitutional, so far as it authorizes a distress for double the annua! value of the premises when the landlord gives notice to quit, or double rent when the tenant gives notice.
The law does not create a new remedy. The remedy by distress for rent in arrear is as old as the law itself; and the constitutionality ofit was never questioned before, that I know of either here or in England, where there is the same guard as is found in our constitution. The act only makes a contract of rent for the parties, under particular circumstances; and if the tenant acquiesces in this contract, which he is supposed to do by holding over, the law refers the landlord to the old remedy. If then the constitutionality of the remedy itself is not questioned, its application to the case before us cannot be* If the law should affix a penalty, eo nomine, and authorize a distress, I should think it unconstitutional; or if it should affix a penalty under any other name upon.the performance' or non-performance of any act, unconnected with any contract, as in thecase of Allen, I should hold it unconstitutional. But where it affixes a penalty to the non-performance of a contract, and a party enter into such contract, he contracts in reference to the penalty and it is as much his penalty as if he had inserted it in his written agreement.,
*158 The second, third and fourth grounds have been sufficiently answered in my observations on the pleadings. To the fifth and sixth, it is enough to say, that the warrant was in all respects a sufficient authority to the bailiff. To the seventh ground, the answer is, that the court in the former cases gave the respondents leave to plead and pursue their rights. On the eighth and ninth, I remark, that the avowry alleged the annual rent was eleven hundred dollars, and it was not contradicted, - To the tenth and eleventh, it is a sufficient answer to say, that the verdict is in strict conformity with the record. When a jury find for a defendant on all the issues made, a general verdict is good.
Motion dismissed.
drirnke and Hunt for the motion.
jdetigru and Toomer, contra.